(C.D. 4361)

HENRY A. WESS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided on rehearing [C.D. 3851] June 27, 1972)

*Allerton deC. Tompkins* for the plaintiff.
*Harlington Wood, Jr.*, Acting Assistant Attorney General (*Charles P. Deem* and *Steven R. Sosnov*, trial attorneys), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: This matter was originally decided in *Harry. A. Wess, Inc.* v. *United States*, 62 Cust. Ct. 705, C.D. 3851 (1969), wherein the protests were overruled as to 10 items of merchandise and the case restored to the calendar of this court "for the sole purpose of clarifying the source of the facts and figures contained in the manufacturer's responses to written interrogatories." Pursuant to this judgment the court on motion issued a commission to take depositions. A completed deposition was thereafter received in evidence.

In our original opinion, we stated:

Although we would be justified in dismissing these protests at this time, we believe that the interests of justice would best be served by a clarification of the source of deponent's information which, if it proves sound, will permit full consideration of the component of chief value and a disposition on the merits.

The clarification referred to, *supra*, was due to the use of the terms "cooperators" and "notations" in the original deposition of the manufacturer with respect to the cost figures. The parties at the original hearing agreed that the term "cooperators" referred to employees but there was no understanding as to what the term "notations" meant. The present deposition makes it adequately clear that the term "notations" referred to index cards made out for each article produced which contain the cost figures. The person who made these notations was a Mrs. Nives Casoni Martelli who has been employed by deponent in the Production and Costs Department since 1955. The deponent,

who is co-owner of the firm, stated that he has direct control and supervision over these records which are presently being made in the same manner. These are prepared in order to establish the cost of the articles and to have a ready supply of raw materials. Such records are in the possession of the company and are open to public inspection.

Based upon this deposition, plaintiff contends the court now has sufficient information to make its determination of the following articles as set forth in our original decision:

Protest 61/8781—Invoice No. 481

| Article No. | Invoice Item No. | Invoice Description |
|---|---|---|
| 1 | 1480 | Displays for 1 gent's ring |
| 2 | 1480 | Displays for 1 lady's ring |
| 3 | 1480 | Displays for 2 lady's rings |

Protest 63/17417—Invoice No. 294

| Article No. | Invoice Item No. | Invoice Description |
|---|---|---|
| 13 | 9956/A | Large ring boxes with slot 58 x 50 |
| 14 | 13146 | Tie-tack boxes |
| 15 | 9958 | Bracelet boxes 250 x 60 |
| 16 | 9955 | Large ring boxes with tongue 53 x 59 mod. 7 |
| 17 | 9960 | Brooch boxes |
| 18 | 9957 | Bracelet boxes 230 x 50 mod. 7 |
| 20 | 9959 | Cuff link boxes 100 x 80 mod. 7 |
| 21 | 6370 | Pendant boxes |
| 22 | 9963 | Watch boxes with collar |
| 23 | 9961 | Pendant boxes |
| 24 | 6370 | Pendant boxes |
| 25 | 2998 | Utility boxes |

Protest 61/22459—Invoice No. 163

| Article No. | Invoice Item No. | Invoice Description |
|---|---|---|
| 26 | 80131/E | Ladies watch box "Long Baguette" |
| 27 | 80132/E | Long gents watch box 250 x 58 mm |
| 28 | 8041/E | Brooch boxes 100 x 80 mm |
| 29 | 8071/E | Pendant boxes 10 x 8 cm |
| 30 | 8084/E | Pearl necklace boxes 210 x 120 mm |
| 31 | /E | Brooch boxes 115 x 90 mm |
| 32 | 8011/E | Ring boxes with tongue |
| 33 | 80113/E | Ladies watch boxes with collar |
| 34 | 8058/E | Cuff link boxes and earring boxes |
| 35 | 1000/E | Ring boxes with slot |
| 36 | /E | Utility boxes 220 x 140 mm |

The original deposition establishes that articles numbered 1, 2, 3, 16, 18, 26, 32, and 33, *supra,* are in chief value of plastic; and articles 13,

14, 15, 17, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 34, 35, and 36 are in chief value of wood. *United States* v. *H. A. Caesar & Co.*, 32 CCPA 142, C.A.D. 299 (1945) ; *United States* v. *Rice-Stix Dry Goods Co.*, 19 CCPA 232, T.D. 45337 (1931).

Defendant contends the original deposition is inadmissible since the records themselves should have been offered under the theory of records kept in the ordinary course of business and under the rule of past recollection recorded. The admissibility of the original deposition was considered by the trial judge and by the Second Division of this court in its original opinion. We conclude that where the records are kept under the direct supervision and control of the deponent, a co-owner of the business, his statements as to costs based upon the records of his company may be properly received and given such weight as the court feels proper.[1] We feel it would be improper to require a businessman in a foreign country to submit his official records to this court in order to substantiate his statement in a deposition given under oath before an American Consul. Defendant had an opportunity to submit such cross-interrogatories as would have elicited such information as it desired, or an investigation could have been made since the records were alleged to be open to public inspection.

Under the circumstances, articles 13, 14, 15, 17, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 34, 35, and 36, *supra*, being in chief value of wood are properly subject to classification under the provisions of paragraph 412, Tariff Act of 1930, as modified by T.D. 52373 and T.D. 52476, and as such subject to duty at the rate of 16⅔ per centum ad valorem.

As to the articles found to be in chief value of plastic, *supra*, the evidence establishes that the use of such jewelry boxes whether made of cardboard, wood or plastic are the same, i.e., to display jewelry. The lining of the imported merchandise consists of rayon, but the material of which a lining is made is not a factor which determines use. The use of a rayon, or cotton or vegetable fiber is so obvious as to permit the court to take judicial notice of the fact that linings of rayon or of cotton or vegetable fiber are used in the same manner. *American Smelting & Refining Co.* v. *United States*, 16 CCPA 46, T.D. 42718 (1928) ; *Corporacion Argentina de Productores de Carnes*, 29 CCPA 288, C.A.D. 204 (1942) ; *Mary G. Ricks* v. *United States*, 33 CCPA 1, C.A.D. 308 (1945). Accordingly, we are of the opinion that said merchandise is properly subject to classification by similitude under paragraph 1405, Tariff Act of 1930, as modified by T.D. 54108, and paragraph 1559,

---

[1] *U.S. Industrial Products Corp.* v. *United States*, 60 Cust. Ct. 618, C.D. 3476, 286 F. Supp. 583 (1968) ; *United States* v. *American Express Co.*, 44 Cust. Ct. 779, A.R.D. 120 (1960).

Tariff Act of 1930, as amended, and as such dutiable at the rate of 2 cents per pound and 8½ per centum ad valorem.

To this extent, the claim in the protests is sustained. Judgment will be entered accordingly.